IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BONNIE ROSELYNN DUSCH,                )
                                      )
    Plaintiff,                        )
                                      )
  -vs-                                )     Civil Action No.  13-1720
                                      )
CAROLYN W. COLVIN,                    )
COMMISSIONER OF SOCIAL SECURITY,      )
                                      )
    Defendant.                        )

AMBROSE, Senior District Judge.

## OPINION
### and
## ORDER OF COURT

### SYNOPSIS

An application for supplemental security income ("SSI") was protectively filed on behalf of Bonnie Roselynn Dusch ("Dusch") on April 13, 2011. The application was based upon reflex neurovascular dystrophy ("RND") with an onset date of February 1, 2011. Her claim was denied and a Request for Hearing was filed. Dusch testified at a subsequent hearing, as did an impartial vocational expert. The ALJ determined that Dusch's application needed to be reviewed pursuant to both the childhood and adult standards of disability because Dusch had reached the age of majority during the processing of the application. Following the hearing, the ALJ denied her claim under both standards. The Appeals Council denied her request for review. Dusch then filed this appeal under 42 U.S.C. § 405(g).

Before the Court are Cross-Motions for Summary Judgment. (Docket Nos. [8] and [10]). Both parties have filed Briefs in Support of their Motions. (Docket Nos. [9] and [11]).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting the Defendant's Motion for Summary Judgment and denying the Plaintiff's

1

Motion for Summary Judgment.

I. **BACKGROUND**

Dusch was born on June 14, 1994, making her an "adolescent" (those ages 12 to 18) on April 13, 2011, the date the application was filed. (R. 19) She turned 18 on June 3, 2012, before the ALJ rendered her opinion. (R. 19) At the time of the hearing Dusch lived with her mother, stepfather, brother and other extended family members. (R. 36) She had just completed 11th grade. (R. 36) While in school, Dusch participated in the Pittsburgh Scholars Program and took some advanced classes. (R. 37) Dusch testified that she struggled with the classes at times because of missing school. (R. 37-38) She missed 51 out of 182 days of school during the academic year. (R. 38)

As stated above, the ALJ denied Dusch's request for benefits. Specifically, the ALJ determined that although Dusch's RND condition is "severe," as defined by the Act, its severity did not meet the requirements set forth in the Listings nor the functional equivalency of the Listings. The ALJ also concluded that Dusch was not entitled to Adult SSI because she remained capable of performing sedentary work such as that performed by a telephone solicitor, a telephone clerk and a ticket seller. (R. 27-28) Dusch now appeals.

II. **LEGAL ANALYSIS**

   A) **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A

district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See* 5 U.S.C. §706.

The Social Security Act provides that a child under 18 is "disabled" for purposes of SSI eligibility if he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). That said, no individual under the age of 18 will be considered disabled if he or she engages in substantial gainful activity. The Commissioner follows a three-step sequential process in determining childhood disability: (1) whether the child is doing substantial gainful activity; (2) if not, whether he has a medically determinable severe impairment; (3) if so, whether the child's severe impairment meets, medically equals, or functionally equals the severity of a set of criteria for an impairment listed in 20 C.F.R. § 416.924(d), 20 C.F.R. § 416.924. An impairment functionally equals a listed impairment if the child has "marked" limitations[1] in two domains of functioning or an "extreme" limitation[2] in one domain. 20 C.F.R. § 416.926(a). The six domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(iv). When evaluating the ability to function in each domain, the ALJ considers

---

[1] A "marked" limitation "seriously" interferes with a claimant's ability independently to initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2).
[2] An "extreme" limitation "very seriously" interferes with a claimant's ability independently to initiate, sustain, or complete activities. 20 C.F.R. §416.926a(e)(3).

3

the following: whether the impairment(s) affect the claimant's functioning and whether the claimant's activities are typical of other children of the same age who do not have impairments; the activities that the claimant is able to perform; activities that the claimant is unable to perform; which of the claimant's activities are limited or restricted compared to other children of the same age who do not have impairments; where the claimant has difficulty independently initiating, sustaining, or completing activities; and what kind of help the claimant needs in order to do activities, including how much and how often help is needed. 20 C.F.R. § 416.926a(b)(2)(i)-(vi).

To be eligible for social security benefits as an adult, the plaintiff must demonstrate that he or she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986). The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

4

**B) Discussion**

(1)  Childhood Standard of Disability

Here, the ALJ found that the Dusch's reflex neurovascular dystrophy constituted a severe impairment. (R. 20) Nevertheless, she found that Dusch did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments, specifically the requirements of Section 111.06 Motor dysfunction. (R. 21) The ALJ concluded that any motor dysfunction that Dusch suffered was intermittent in nature rather than persistent. Further, the ALJ determined that Dusch did not have an impairment or combination of impairments that functionally equaled a listing. Although she found that Dusch's impairments could reasonably be expected to produce some degree of pain, she found Dusch's statements concerning the intensity, persistence and limiting effects of the pain to lack credibility to the extent that they were inconsistent with the residual functional capacity assessment.

Dusch urges that the ALJ erred in concluding that her impairments did not functionally equal a listing. As stated above, an impairment functionally equals a listed impairment if the child has "marked" limitations[3] in two domains of functioning or an "extreme" limitation[4] in one domain. 20 C.F.R. § 416.926(a). The six domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(iv). When evaluating the ability to function in each domain, the ALJ considers the following: whether the impairment(s) affect the claimant's functioning and whether the claimant's activities are typical of other children of the same age who do not have impairments; the activities that the claimant is able to perform; activities that the claimant is unable to perform;

---

[3] A "marked" limitation "seriously" interferes with a claimant's ability independently to initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2).
[4] An "extreme" limitation "very seriously" interferes with a claimant's ability independently to initiate, sustain, or complete activities. 20 C.F.R. §416.926a(e)(3).

5

which of the claimant's activities are limited or restricted compared to other children of the same age who do not have impairments; where the claimant has difficulty independently initiating, sustaining, or completing activities; and what kind of help the claimant needs in order to do activities, including how much and how often help is needed. 20 C.F.R. § 416.926a(b)(2)(i)-(vi). Dusch contends that she has "marked limitations" in the domains of attending and completing tasks; interacting and relating with others; moving about and manipulating objects; and health and physical well-being.

I disagree and find the ALJ's decision to be supported by substantial evidence of record. For instance, with respect to attending and completing tasks, the Regulations provide that in this domain, an ALJ will consider how well a claimant is able to focus and maintain attention, and how well the claimant begins, carries through and finishes activities, including the pace at which the activities are performed and the ease with which the activities are changed. *See* 20 C.F.R. § 416.926a(h)   With respect to adolescents, the regulations explain that a claimant should be able to "pay attention to increasingly longer presentations and discussions, maintain … concentration while reading textbooks, and independently plan and complete long-range academic projects." 20 C.F.R. § 416.926a(h)(2)(v).  As the ALJ noted, Dusch's teachers indicated that she had no deficits in this area of functioning. (R. 23, R. 175) Further, the records indicate that at the time she completed the 11th grade, Dusch's grade point average was 3.043 (unweighted) and 3.196 (weighted); her class rank was 41 out of 158 (R. 201). These grades are not reflective of a person unable to attend to and complete homework assignments. Although Dusch contends that the 11th grade report card is not accurate insofar as she began physical therapy and medication the following school year, and that physical therapy caused her school work to suffer because she missed classes, there is no evidence of record concerning her grades in this respect.

I similarly reject Dusch's arguments with respect to the domain of "interacting and

relating with others." The Regulations provide that, in this domain, and ALJ should consider how well the claimant initiates and sustains emotional connections with others, develops and uses the language of his/her community, cooperates with others, complies with rules, responds to criticism, and respects and takes care of the possessions of others. See 20 C.F.R. § 416.926a(i) As an adolescent, Dusch should be able to solve conflicts between herself and peers or family members or other adults; be able to intelligibly express feelings and ask for assistance in getting needs met; seek information, and tell stories in all kinds of environments and with all types of people. 20 C.F.R. § 416.926a(i)(2)(v) Again, reports from school indicated no problems in this area. (R. 176) Further, Dusch testified that she still had a good friend with whom she spent time. (R. 57) She also indicated that she talked with friends on the phone (R. 52), "hang(s) out with friends", goes bike riding, et cetera. (R. 46) She also participates in chorus. (R. 47) Additionally, Progress Summaries from the Spring of 2012 indicate that Dusch reported that she had become more engaged in social activities outside of the house. (R. 386). There is simply no evidence that Dusch struggles to sustain emotional connections with others, is unable to cooperate with others, stopped participating in volleyball because of a difficulty in following rules, or that she had difficulty speaking intelligibly or with adequate fluency.

With respect to an alleged marked limitation in the domain of moving about and manipulating objects, the ALJ acknowledged that Dusch had intermittent flares that caused her to feel pain in her limbs. Yet she noted that Dusch was still able to participate in gym class, and attend both physical therapy and aqua therapy when she is not having an exacerbation. (R. 25) The ALJ also observed that Dusch was able to ride her bike, occasionally roller skate, go for walks and exercise on a ball. (R. 25) As the ALJ explained, increased physical activity has been prescribed by Dusch's physicians as part of her treatment plan. Consequently, I find no fault with the ALJ's conclusion that intermittent flares causing pain is not tantamount to a marked limitation in the domain of moving about and manipulating objects.

Finally, Dusch urges that the ALJ erred in not finding a marked limitation in the domain of health and physical well-being. The Regulations provide that an ALJ will "consider the cumulative physical effects of physical and mental impairments and their associated treatments or therapies on [a claimant's] functioning" that were not considered already. 20 C.F.R. 416.926a(l) "The domain of health and physical well-being accounts for a claimant's cumulative effects of physical and mental impairments, including the effects of any associated treatments or therapies." *Brunner ex rel. Ellis v. Astrue*, Civ. No. 8-56J, 2009 WL 734712 at * 6 (W.D. Pa. March 19, 2009), citing, 20 C.F.R. § 416.926a(l). I reject Dusch's contentions. As the ALJ noted, there is no record evidence of any side effects from Dusch's regimen of medications. (R. 26) Further, the medication and current physical therapy program appear to be keeping her impairment under control. (R. 357)

(2) Adult Standard of Disability

As stated above, because Dusch reached the age of 18 during the pendency of her claim, the ALJ also evaluated her claim under the adult standards. As part of this evaluation, the ALJ concluded that Dusch continued to have a severe impairment, but that impairment or combination of impairments did not meet or medically equal a listed impairment. (R. 27) Further, she determined that, since attaining the age of 18, Dusch has the residual functional capacity to perform sedentary work such as: lifting up to 10 pounds occasionally; standing and walking for up to 2 hours in an 8-hour workday; and sitting for up to 6 hours in an 8-hour workday with normal breaks. (R. 27) The ALJ also concluded that Dusch had no past relevant work; that she was considered a "younger individual"; that she has a limited education and that transferability of job skills is not an issue. (R. 27). Ultimately, the ALJ found that, "considering [Dusch's] age, education, work experience, and residual functional capacity, jobs have existed in significant numbers in the national economy that [she] has been able to perform." (R. 27)

Dusch rejects this conclusion, assertion that she could not work full-time on a consistent

basis given her history of absenteeism from school. Either she would miss too many days of work or she would be off-task too often. Dusch's argument is unpersuasive. As the ALJ notes, Dusch has not required significant treatment for her condition, her condition has improved on a regiment of exercise and medication, and she sees a physician only once a month. (R. 27) Further, she has been encouraged to increase her activity level. (R. 27) Dusch's mood has improved as her pain symptoms have decreased. (R. 27) The record indicates that Dusch performs well in sedentary activities and the ALJ accordingly made accommodations. (R. 27-28) The ALJ's decision is well-supported by substantial evidence of record. Consequently, the decision is affirmed.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BONNIE ROSELYN DUSCH, )
)
     Plaintiff, )
)
 -vs- ) Civil Action No. 13-1720
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
     Defendant. )

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

THEREFORE, this 20th day of January, 2015, it is ordered that the decision of the ALJ is affirmed. The Defendant's Motion for Summary Judgment (Docket No. 10) is granted and the Plaintiff's Motion for Summary Judgment (Docket No. 8) is denied.

                                            BY THE COURT:

                                        s/ Donetta W. Ambrose
                                            Donetta W. Ambrose
                                            United States Senior District Judge